**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| )  | |
| JOSEPH B. JUDKINS ) | |
| Baker & McKenzie LLP ) | |
| 815 Connecticut Avenue, N.W. ) | |
| Washington, D.C. 20006 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. _____ |
| ) | |
| INTERNAL REVENUE SERVICE ) | |
| 1111 Constitution Avenue, N.W. ) | |
| Washington, D.C. 20224, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     Plaintiff, Joseph B. Judkins, brings this action against Defendant, the Internal Revenue Service ("Defendant" or "IRS"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

### PARTIES

4.     Plaintiff is an attorney with Baker & McKenzie LLP, admitted to practice in North Carolina, the District of Columbia (D.C. Bar No. 499737), and Tennessee.  His office is located at 815 Connecticut Avenue, N.W., Washington, D.C. 20006.

5.    Defendant is an executive agency of the United States government and is headquartered at 1111 Constitution Avenue, N.W., Washington, D.C. 20224.  Defendant is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is subject to the requirements of the FOIA.  Defendant has possession and control over the records that Plaintiff seeks under the FOIA.

6.    Because Defendant is an agency of the United States of America, copies of the summons and complaint must also be mailed to the United States of America:  c/o The Honorable Loretta E. Lynch, Attorney General of the United States of America, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530; and United States Attorney for the District of Columbia, 555 Fourth Street, N.W., Washington, D.C. 20530.

## STATUTORY FRAMEWORK

7.    The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply.  5 U.S.C. § 552(a)(3)(A).

8.    Records are agency records subject to the FOIA if the agency created or obtained them and the agency controlled them at the time the FOIA request is made.  U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 144-45 (1989).

9.    An agency has twenty (20) working days after receipt of a FOIA request in which to determine whether to comply with the request.  The agency must then immediately notify the requester of its determination and reasons therefor and of the right of the requester to appeal an adverse determination to the agency's head.  5 U.S.C. § 552(a)(6)(A)(i).

10.    In "unusual circumstances," the twenty (20) working day time limit "may be extended by [a] written notice" that sets forth the date a determination is expected to be sent.  5

U.S.C. § 552(a)(6)(B)(i).  Generally, such notice may not provide for an extension of more than ten (10) working days.  Id.

11.     The agency must notify the requester if the request cannot be processed within such extended period of time and must provide the requester (i) the opportunity to limit the scope of the request so it can be processed within such time or (ii) the opportunity "to arrange with the agency an alternate time frame for processing the request or a modified request."  5 U.S.C. § 552(a)(6)(B)(ii).

12.     If the agency fails to comply with the time limit provisions, the requester "shall be deemed to have exhausted his administrative remedies."  5 U.S.C. § 552(a)(6)(C)(i).

13.     If the agency can show "exceptional circumstances" and "that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records."  5 U.S.C. § 552(a)(6)(C)(i).  A refusal to modify the request or arrange an alternate time frame is a consideration in determining whether "exceptional circumstances" exist.  5 U.S.C. § 552(a)(6)(B)(ii).

14.     This Court has jurisdiction upon receipt of a complaint "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

## PLAINTIFF'S FOIA REQUESTS

15.     Plaintiff is seeking the production of documents and records improperly withheld by Defendant in response to his properly made FOIA request dated July 13, 2016 ("FOIA Request"), (Exhibit ("Ex.") A to the Declaration of Joseph B. Judkins, dated September 8, 2016 ("Judkins Declaration"), attached hereto as Attachment A).

16.     In the FOIA Request, Plaintiff specifically requested:

1.     All documents maintained by the IRS related to the proposed regulations under I.R.C. § 385, published in the Federal Register at 45 Fed. Reg. 18957 (March 24, 1980), including but not limited to, pre-publication documents, notices pertaining to the proposed rulemaking, public comments and other documents submitted to the agency related to the proposed rulemaking, hearing transcripts and recordings, if any, of oral presentations made in the course of the proposed rulemaking, reports and recommendations of any advisory committees, IRS communications (internal or otherwise), similar instruments, and any other documents considered by the IRS during the course of the proposed rulemaking.

2.     All documents maintained by the IRS related to the final regulations under I.R.C. § 385, contained in Treasury Decision 7747 that were originally published in the Federal Register at 45 Fed. Reg. 86438 (December 31, 1980), and revised by (i) Treasury Decision 7774, published in the Federal Register at 46 Fed. Reg. 24945 (May 4, 1981), (ii) Treasury Decision 7801 published in the Federal Register at 47 Fed. Reg. 147 (January 5, 1982), and (iii) Treasury Decision 7822 published in the Federal Register at 47 Fed. Reg. 28915 (July 2, 1982), including but not limited to, pre-publication documents, notices pertaining to the rulemaking, public comments and other documents submitted to the agency related to the rulemaking, hearing transcripts and recordings, if any, of oral presentations made in the course of the rulemaking, reports and recommendations of any advisory committees, IRS communications (internal or otherwise), similar instruments, and any other documents considered by the IRS during the course of the rulemaking.

3.     All documents maintained by the IRS related to the proposed regulations under I.R.C. § 385, published in the Federal Register at 47 Fed. Reg. 164 (January 5, 1982), including but not limited to, any pre-publication documents, notices pertaining to the proposed rulemaking, public comments and other documents submitted to the agency related to the proposed rulemaking, hearing transcripts and recordings, if any, of oral presentations made in the course of the proposed rulemaking, reports and recommendations of any advisory committees, IRS communications (internal or otherwise), similar instruments, and any other documents considered by the IRS during the course of the proposed rulemaking.

4.     All documents maintained by the IRS related to the notice of proposed withdrawal of Treasury Decision 7747 that was

published in the Federal Register at 48 Fed. Reg. 31053 (July 6, 1983), including but not limited to pre-publication documents and any public comments received in connection with this notice.

5.      All documents maintained by the IRS related to the public hearing on the proposed withdrawal of Treasury Decision 7747 that was held on August 18, 1983, notice of which was published in the Federal Register at 48 Fed. Reg. 31054 (July 6, 1983), including but not limited to pre-publication documents, comments received from the public, outlines of proposed oral comments, agendas, and hearing transcripts.

6.      All documents maintained by the IRS related to the withdrawal of Treasury Decision 7747 published in the Federal Register at 48 Fed. Reg. 50711 (November 3, 1983), including but not limited to pre-publication documents and comments received from the public.

17.      Congress recently amended the FOIA to change the scope of the exemption contained in 5 U.S.C. § 552(b)(5) and the deliberative process privilege. The FOIA Request states, "the FOIA Improvement Act of 2016 recently changed the scope of the exemption contained in 5 U.S.C. § 552(b)(5), and the deliberative process privilege no longer applies to records created 25 years or more before the date on which the records are requested. The records at issue in this request likely fall into this vintage of Federal records." (Judkins Declaration, Ex. A).

18.      On August 15, 2016, Frederick O. Crimson, Disclosure Manager, responded that the FOIA Request ("IRS Response"), stating that it had been received by the IRS on July 20, 2016 (Judkins Declaration, Ex. B).

19.      The IRS Response requested an addition ten (10) business days – until August 31, 2016 – to respond to the FOIA Request. Id. The IRS Response then goes on to state, "[u]nfortunately, we will still be unable to locate and consider release of the requested records by August 31, 2016. We have extended the response date to October 3, 2016 when we believe we can provide a final response." Id.

20.     Plaintiff did not agree to Defendant's requested extension of time to October 3, 2016.

21.     Defendant requested additional time, but did not deny access to the requested items.

22.     As of the date of this Complaint, Defendant has not disclosed any of the documents and records requested by the FOIA Request.

23.     Because Defendant failed to comply with the FOIA time limit provisions to provide documents and records to Plaintiff in response to the FOIA Request, Plaintiff has exhausted his administrative remedies in accordance with 5 U.S.C. §552(a)(6)(C)(i).

24.     Plaintiff is entitled to reasonable attorneys' fees and costs of maintaining this action pursuant to 5 U.S.C. § 552(a)(4)(E).

## CAUSE OF ACTION
### (Production Under the FOIA)

25.     Plaintiff reasserts and incorporates by reference paragraphs 1-24.

26.     Plaintiff properly requested records within Defendant's control and possession in accordance with the FOIA.

27.     Plaintiff is entitled under the FOIA to access the requested records.

28.     Defendant has failed to comply with statutory deadlines imposed by the FOIA.

29.     Defendant wrongfully withheld the requested records in violation of the FOIA.

30.     Plaintiff exhausted his administrative remedies with regard to the wrongfully withheld records.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

a.      declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

b.      enjoin Defendant from withholding and order Defendant to disclose the requested records to Plaintiff, in accordance with 5 U.S.C. § 552(a)(4)(B);

c.      award Plaintiff his costs and reasonable attorney fees, in accordance with 5 U.S.C. § 552(a)(4)(E); and

d.      grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,


/s/ George M. Clarke III
George M. Clarke III
(D.C. Bar No. 480073)
Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, D.C. 20006-4078
Phone: (202) 835-6184
Fax: (202) 416-7184


Dated:  September 8, 2016